IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| US BANK NATIONAL ASSOCIATION, | ) CIVIL NO. 15-00018 DKW-KSC |
|---|---|
| Plaintiff, | ) FINDINGS AND ) RECOMMENDATION TO GRANT ) PLAINTIFF'S MOTION TO |
| vs. | ) REMAND CASE TO STATE COURT ) |
| SARAH MARGARET TAYLOR; HAWAIIAN PARADISE PARK OWNERS ASSOCIATION, | ) ) ) ) |
| Defendants. | ) ) |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

Before the Court is Plaintiff US Bank National Association's ("Plaintiff") Motion to Remand Case to State Court, filed February 3, 2015. Defendant Sarah Taylor ("Defendant") did not file a response.[1] This matter came on for hearing on February 19, 2015.

---

[1] On February 18, 2015, Defendant faxed and emailed a document entitled "Motion to be Relieved From This Case and Disgorged Until Such Time Plaintiffs Can Prove Standing." All motions must be filed with the Clerk's office. Even if Plaintiff had properly filed the aforesaid motion, it has no bearing on the issue presently before the Court, which is the propriety of removal. The additional time Defendant claims she needs due to her hardships and dyslexia would not cure the multiple defects with respect to removal, nor confer jurisdiction upon this Court.

Andrew Lee, Esq., appeared on behalf of Plaintiff. Defendant appeared pro se by phone.

BACKGROUND

On July 31, 2014, Plaintiff filed an action in the Circuit Court of the Third Circuit, State of Hawaii. Plaintiff served Defendant with the Complaint on October 5, 2014. On January 16, 2015, Defendant filed a Notice of Removal ("Notice").

DISCUSSION

Plaintiff moves to remand this action to the Circuit Court of the Third Circuit, State of Hawaii, on three grounds: 1) Defendant resides in Hawaii; 2) the Notice was untimely filed; and 3) Defendant Hawaiian Paradise Park Owners Association ("Hawaiian Paradise") failed to consent.

I. Removal was Improper

Defendant removed the instant case on the basis of diversity of citizenship. Notice at ¶ 14. Section 1441 provides, in pertinent part:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of

> which the district courts of the United
> States have original jurisdiction, may be
> removed by the defendant or the
> defendants, to the district court of the
> United States for the district and
> division embracing the place where such
> action is pending.
>
> (b) Removal based on diversity of
> citizenship.--(1) In determining whether a
> civil action is removable on the basis of
> the jurisdiction under section 1332(a) of
> this title, the citizenship of defendants
> sued under fictitious names shall be
> disregarded.
>
> (2) A civil action otherwise removable
> solely on the basis of the jurisdiction
> under section 1332(a) of this title **may
> not be removed if any of the parties in
> interest properly joined and served as
> defendants is a citizen of the State in
> which such action is brought**.

28 U.S.C. § 1441 (a), (b) (emphasis added). Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. See California ex rel. Lockyer v.

Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005).

Significantly, Plaintiff has admitted that she lives and works in Hawaii. Federal district courts have original jurisdiction over cases between citizens of different states. See 28 U.S.C. § 1332(a). A defendant may remove such an action to federal court provided that no defendant is a citizen of the same state in which the action was brought. See 28 U.S.C. § 1441(b). Thus, a United States district court has diversity jurisdiction over an action when the amount in controversy exceeds $75,000, excluding interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Federal removal jurisdiction on the basis of diversity "is determined (and must exist) as of the time the complaint is filed and removal is effected." Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

In the instant case, Defendant's assertion of Hawaii citizenship, when coupled with the fact that

Plaintiff commenced this action in Hawaii state court, precludes removal. As the Court already mentioned, § 1441(b) explicitly provides that actions based on diversity jurisdiction may only be removed if none of the served defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b).

Even if Defendant was not a citizen of Hawaii, the Notice fails to sufficiently allege diversity jurisdiction. Defendant has not identified the other parties' citizenships, nor has she alleged that the amount in controversy exceeds $75,000.00. Consequently, the Court finds that the Notice fails to establish a proper basis for removal and this Court recommends that the district court remand the case to the Third Circuit Court, State of Hawaii. 28 U.S.C. § 1447(c).

II. Timeliness of Removal

Although the Court has determined that removal was improper given that Defendant is a citizen of Hawaii, Defendant also untimely removed this action. Defendant was served with the Complaint on October 5,

5

2014.  Notices of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  Defendant did not file her Notice of Removal until January 16, 2015.  Defendant appears to believe that her removal is timely because of Hurricane Iselle.  Notice at ¶¶ 12-13 ("Given the state of emergency in Hawaii County after Hurricane Iselle, and my present hurricane recovery underway, in my Answer and Amendment to Answer in CIVIL NO. 14-1-10289 I asked the Honorable Judge Hara to preserve my timely response rights for a 90-day continuance so that I could repair my home and be afforded equal opportunity to defend my property and small business from Plaintiff's sham foreclosure proceedings I have only recently repaired my office roof and had neighbors' trees removed to access my driveway. . . For these reason [sic], the removal of this case from Third Circuit to the United States District Court is timely and not time-barred.").

Defendant is mistaken. None of the facts presented by Defendant supports or warrants an exemption from the procedural requirements set forth in § 1446(b)(1).

III.     Failure to Obtain Consent of Hawaiian Paradise

Finally, Defendant has not provided the consent of Hawaiian Paradise, as required by § 1446. 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). Her failure to do so is fatal under § 1446. See Pressman v. Meridian Mortgage Co., 334 F. Supp. 2d 1236, 1240-41 (D. Haw. 2004) (citing Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir. 1986)). All defendants in a state court action must consent to and join in the petition for removal with the exception of nominal, fraudulently joined or unknown defendants. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006) (citation omitted). This rule only applies, however, to those defendants properly served and joined

7

in the action.  Emrich, 846 F.2d at 1193 n.1 (citing Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) overruled on other grounds by Ethridge v. Harbor House Rest., 861 F.2d 1389 (9th Cir. 1988)).

If fewer than all defendants join in removal, the removing party has the burden, under § 1446(a), of affirmatively explaining the absence of the non-joining defendant(s) in the notice for removal.  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999) overruled on other grounds by Abrego, 443 F.3d at 670 (finding the removal notice insufficient where it stated that the defendants believed that many, rather than all, of the non-consenting defendants were not properly served).  Insofar as the state court record indicates that Hawaiian Paradise was served on September 29, 2014, Defendant was required to obtain Hawaiian Paradise's consent prior to removing the action, and her failure to do so renders the Notice defective.

IV. Attorneys' Fees

Plaintiff requests $2,303.66 in attorneys' fees and tax incurred in connection with the removal of this action. When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The United States Supreme Court has stated that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted). The district court retains discretion to determine whether a given case presents unusual circumstances that warrant a departure from this rule. Id. The Martin Court also instructed that

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to

remove as a general matter, when the statutory criteria are satisfied.

Id. at 140.

Here, no objectively reasonable basis existed for removal, and the removal was improper for multiple reasons, as detailed above. Accordingly, the Court recommends that the district court award Plaintiff $596.86 in attorneys' fees and tax, which were reasonably incurred in connection with the improper removal.[2]

In its Order Denying Without Prejudice Defendant's Application to Proceed In Forma Pauperis, issued on January 26, 2015, the Court imposed a deadline of February 25, 2015, for Defendant to file an amended application or pay the requisite filing fee. Given the Court's recommendation to remand this action,

---

[2] The Court has reduced the requested fee award because Andrew Lee's hourly rate and hours are excessive. Mr. Lee graduated in 2013 so his hourly rate should be $150.00, not $250.00. Moreover, the 5 hours in time he expected to incur for the remand, drafting of the Rule 16 Scheduling Conference Statement, and attending the Rule 16 Scheduling Conference will no longer be necessary.

that deadline is vacated as moot.

## CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion to Remand Case to State Court, filed February 3, 2015, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 19, 2015.



Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 15-00018 DKW-KSC; US BANK NATIONAL ASSOCIATION V. TAYLOR, ET AL.; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT